MEYERSON, Judge,
dissenting:
Because the majority opinion directly contradicts the clear and unequivocal wording of A.R.S. § 33-993.A. (Supp.1982), I must dissent. The statute clearly provides that the lien claimant may have up to sixty days after the completion of a building or up to thirty-five days after recordation of the notice of completion in which to file his lien. The majority opinion concedes that the statute, if read by itself, would strongly support this conclusion.
The majority goes on to attempt to construe the statute by refering to A.R.S. § 33-993.C. (Supp.1982). It is only when a statute is unclear, however, that courts are free to engage in statutory construction. Dearing v. Arizona Department of Economic Security, 121 Ariz. 203, 589 P.2d 446 (App.1978).
The basis of the majority’s conclusion is that the legislature intended to shorten the time in which a lien could be filed. But the statute if read as it is written does indeed shorten the time because if the notice of completion is filed in a timely fashion upon the completion of the building the time in which to file a lien is reduced from sixty days to thirty-five days. It is only where one such as SCC is dilatory and files the notice more than twenty-five days after completion that the thirty-five day limitation will not result in shortening the filing period. I see no reason to re-write the statute to compensate SCC for unnecessary delay in filing the notice of completion.
In my judgment, the materialmen’s lien filed by Union Rock was timely filed.